Dennis V. Tobolski, Esq. County Attorney County of Cattaraugus 303 Court Street Little Valley, N Y 14755
Dear Mr. Tobolski:
You have asked whether the mayor of a city can also serve as a member of the county legislature. If the two offices are compatible, you inquire whether recusal is necessary under various circumstances. Finally, you ask whether the individual can be on the ballot for both offices at the same election.
The Mayor of the City of Salamanca was elected to office at the 1997 general election and assumed office on January 1, 1998. Recently, the Mayor was appointed to fill a vacancy in the position of Cattaraugus County Legislator, representing a district that includes the City of Salamanca and two towns.
Section 411 of the County Law provides that:
No county judge, family court judge, surrogate, district attorney, sheriff, county clerk or any elective county officer shall be eligible to hold at the same time any other elective county or town office, or that of city supervisor.
Thus, the State Legislature has considered dual officeholding by elective county officers and has not prohibited holding of an elective county office and the position of mayor of a city. The office of city supervisor, included in section 411, is a reference to a representative from the city sitting on a board of supervisors of the county. It is an office separate and distinct from the office of mayor.[1]
The question remains whether there are conflicts between these offices that disqualify a person from holding both. We see no incompatibility between the office of county legislator and the office of mayor of a city. One position is not subordinate to the other and we see no inevitable and substantial conflict of duties. See, 1977 Op Atty Gen (Inf) 297. It is conceivable, however, that conflicts of interests will occur. The remedy is recusal to avoid the conflict. In your letter, you have given one example of a conflict of interests requiring recusal — litigation between the County and the City of Salamanca. However, where proposals before the County Legislature would benefit the City of Salamanca, generally we see no inevitable conflict of interests. Legislators are selected from districts and are expected to represent their constituents and the residents of the County.
Public officials should avoid even the appearance of impropriety in order to maintain public confidence in government. If the officer is uncertain whether to take part in a particular action, he should recuse himself or request an opinion from the local board of ethics. See, General Municipal Law § 808.
In that there is no prohibition on holding both offices, the individual may be on the ballot for the positions at the same election.
We conclude that the positions of county legislator and mayor of a city are compatible.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE
Assistant Attorney General
In Charge of Opinions
[1] We note that section 411 appears to distinguish arbitrarily a town office from a city office or a village office. However, county charters may have contrary provisions (County Law § 2[b]) and section 411 may be overcome by local law (Municipal Home Rule Law § 10).